IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY X. JACKSON,

    Petitioner,               No. CIV S-04-0201 WBS KJM P

    vs.

TOM L. CAREY, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se. On February 24, 2004, petitioner filed an amended application for writ of habeas corpus under 28 U.S.C. § 2254 in which petitioner alleges that he was denied due process by being held as a parole violator without a preliminary hearing in March of 2003. From documents attached to petitioner's amended application, it appears petitioner's parole was revoked on March 7, 2003. Petitioner commenced this action on January 29, 2004 when he filed his original application for writ of habeas corpus.

        Under 28 U.S.C. § 2254 a writ of habeas corpus may be entertained by a federal court only on the ground that the habeas petitioner is "in custody" in violation of the laws or treaties of the United States. In <u>Spencer v. Kemna</u>, 523 U.S 1, 7 (1998), the Supreme Court found that a prisoner challenging a revocation of parole satisfies the "in custody" requirement

/////

1

in § 2254 by establishing that he was incarcerated by reason of the parole revocation at issue at the time the habeas petition was filed.

There is nothing in the record suggesting that petitioner was incarcerated pursuant to the parole revocation proceeding at issue when this action was filed. Petitioner fails to allege as much in either his original or amended habeas applications. In the pending amended application, as in the original application, petitioner indicates that the "conviction" he attacks was adjudged in March 2003 and resulted in a one year "sentence." See Am. Pet. at 1. An attachment to the petition indicates a parole revocation hearing occurred on March 7, 2003, at which time petitioner was returned to custody "for 12 months, eligible for PC § 3057(d)(1)[1] credits." Id., Ex. 1 (Board of Prison Terms Decision on Appeal dated August 8, 2003).

In their answer, respondents claim that petitioner was in custody at the time this petition was filed as a result of a later revocation of parole, on September 20, 2003. Answer at 1:26-28, 4 n.1. Respondents also indicate petitioner was released on parole after the March 2003 revocation on August 24, 2003, after serving approximately six-and-a-half months of the sentence imposed in March. Id. at 4 n.1. Respondents cite "Exhibit A" in support of these dates. While "Exhibit A" is illegible, petitioner does not dispute respondents' assertions.[2]

In any case, the record before the court does not demonstrate that petitioner was entitled to a preliminary hearing. In Pierre v. Wash. St. Bd. of Prison Terms & Paroles, 699 F.2d

---

[1] The 2003 version of California Penal Code § 3057(d)(1) indicates that, under most circumstances, a revocation of parole period may be reduced by "worktime credits."

[2] In his traverse, petitioner attaches copies of parole revocation documents for proceedings subsequent to the March 2003 revocation and argues this court should reach the merits of his petition because his claim is "capable of repetition yet evading review." Traverse at 2-4. If a Constitutional violation is capable of repetition but evades review, a court can proceed on a claim that is moot. See Spencer, 523 U.S. at 17; but see also id. at 15-16 (refusing to speculate that petitioner would violate terms of parole again, leading to future parole violation proceedings); United States v. Plancarte-Alvarez, 366 F.3d 1058, 1063 (9th Cir. 2004) (explicating this aspect of Spencer). However, as noted above, the court does not recommend that this action be dismissed as moot. Rather, as a threshold matter, petitioner has not presented this court with a claim the court can adjudicate under 28 U.S.C. § 2254. See Spencer, 523 U.S at 7.

471, 473 (9th Cir. 1983), the Ninth Circuit Court of Appeals found that a preliminary hearing concerning a possible revocation of parole is not necessary if the actual revocation hearing is held promptly after arrest. Petitioner fails to claim that his revocation hearing was not held promptly after his arrest, nor does the record before the court reveal as much.

For the foregoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied.

IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2007.

_____
U.S. MAGISTRATE JUDGE

---

1 jack0201.157(a)